The next case is No. 23-1613, Samsung v. Power2B, Mr. Yagura? Haber. Haber. Oh, sorry, I'm looking at my Benchmark, but I'm not. This has the wrong name on it. Haber. Good morning, Your Honors, and may it please the Court, Benjamin Haber on behalf of Appellant Samsung. We're going to be talking about two grounds today related to the two grounds that were addressed below. The first relates to the Newton grounds, which turns on an issue of claim construction. The 170 patent describes and claims three different types of electromagnetic-based impingement interactions, and the claim construction advocated by the patent owner and adopted by the Board covers only two of them, and that is reflected and projected radiation, and specifically excludes the third embodiment that is described and claimed in the patent, which is interrupted or blocked electromagnetic radiation impingement. How about the forfeiture argument in this case? Yes, Your Honor. It's one of the issues they brought up. This is the exact claim construction argument that was presented below at every opportunity we had to do so before the institution decision. At Appendix 7522, we submitted the District Court's claim construction and noted specifically that the patent owner was attempting to exclude embodiments and offering a construction that conflicted with dependent claims. The Board actually agreed with us in its institution decision. That's at Appendix 7564. In its patent owner response, the patent owner continued to make the same argument, excluding this particular embodiment. We replied in our reply to the patent owner response at Appendix 8267. Again, we argued that their construction was too narrow, excluded dependent claims. We specifically referenced the impingement point example, that is the blocking or interrupting embodiment that we explained is excluded by the patent owner's construction. And again, there are, I think, four uninterrupted pages of hearing transcript below. That's at Appendix 8838 through 8842, where we raised, again, these same arguments, excluding dependent claims, excluding embodiments. The argument was... But you did not expressly present the same proposed construction to the Board here that you had in the District Court. Is that correct? That is correct. In the District Court, we were arguing about a different construction that was not adopted by the District Court. But you do want us to say the correct construction is the one that the District Court rejected. No, Your Honor. That is not what we're arguing here. What we're arguing here is that the claims are broad enough to cover all of the embodiments that are described and claimed in the patent. In the District Court, we were arguing for a more narrow construction. The District Court eventually adopted a construction that was broader than what we argued in the District Court, and in our view, was broad enough to cover the independent claims. And that's what we explained to the Board before institution, as long as it doesn't exclude the blocking and interrupting embodiment. And ultimately, the construction that the Board adopted, they used the words of the District Court, but they added gloss to it. And that gloss specifically excludes this third embodiment that is described by the  And so the construction that we're asking Your Honors to adopt is that the claim, independent claim one, is broad enough to cover all of the embodiments that are described and claimed in the patent. I mean, you keep saying the claim construction should be adopted, should be broad enough. But what is it? I mean, this is the problem with the back and forth between the IPRs and the District Court, is the defendants want a broad construction at the PTAB so they can invalidate it, and narrow construction at the District Court so that they can be non-infringing. But what's the actual construction you're urging here? The actual construction is that the claim should cover projected radiation, reflected radiation, and blocked or interrupted radiation. Those are the three examples that are described in the patent, and actually covered by a number of dependent claims. So that is the construction that we are urging here. So if we were to do what you want on appeal, don't we have to give a construction in words back to the board to apply, or would it simply just be tell them the claim covers all three of those things? Well, so you could do both of those. You could give a construction specifically that the claim covers impingement interactions based on projected radiation, reflected radiation, and interrupted radiation. If that construction was provided, that would cover all of the claims. It would cover the full breadth of Claim 1, and it would actually read on the prior art at issue here. And I think it's important to identify those three examples. They are all given in the patent, and at Appendix 54, we have Figure 1C of the patent, which shows projected radiation, which is radiation that comes from a stylus and is impinging upon the surface of the device. At Appendix 75, we have Figure 18C, which depicts reflected radiation. There is a finger that comes into contact with radiation at the surface of the device, and it is reflected through the device to detectors below it. And then at Appendix 74, we have the embodiment described by 18B. And 18B is the blocking or interrupting embodiment. And the embodiment of 18B is actually claimed. It's actually claimed in Dependent Claim 28. Dependent Claim 28 describes an impingement point that is caused by an object blocking or interrupting radiation. And one of the main errors that the board committed is that when they construed Claim 1, they agreed that Claim 28 covers this object-based impingement embodiment, and they read Claim 1 specifically to exclude Claim 28, which is an error. It's a violation of black letter claim construction law. And we know that Claim 28 covers an object impinging upon radiation, because that is what the claim says. It talks about an impingement point of an object. And Claim 28 depends from Claim 27 and Claim 26. In Claims 27 and 26, each recite detected radiation falling below a threshold. And when detected radiation falls below a threshold, that's because a portion of it has been blocked or interrupted. And so Claim 28, Claim 26, Claim 27 cover a specific embodiment that is excluded by the Patent Office's construction. Let me ask you this. At 822, the board said that the patent owner's construction is sufficiently broad to encompass embodiments in which a user touches the assembly. Do you agree with that, and is that a relevant issue to the issues on appeal? So respectfully, the board below was somewhat confused by the arguments. They focused a lot on this touching example. I think it is certainly true that the claims are broad enough to cover touching, but it is not the case that the claims are limited to touching. Okay, but as construed by the board, is their construction broad enough to include the touching embodiments? I don't think so, Your Honor. And is that part of the problem? From your perspective, we need a construction. When you say include the interrupted radiation, is that also including the touching embodiments? Yes, Your Honor. The touching embodiments is an example of how radiation may be impinged upon. And so I don't think that what the board actually did is broad enough to include all of the touching embodiments, and that is really the error. And there was some, I think, confusion about how the board addressed Samson's arguments. They focused a lot on touching versus not touching, but that really wasn't the basis of Samson's arguments. Samson's arguments was that there were impingement interactions. Some of them were touching-based, and some of them weren't. And what was being detected by the detectors was the result of that, whether or not it was reflected radiation or blocked radiation. You will only ask us to vacate and remand, if I understand correctly. If we agree with you on the claim construction, is that all we do is agree with you on the claim construction and then send it back to the board for further proceedings? So if you agree on the claim construction issue, I think you just remand it back to the board for further proceedings because that claim construction error, I think, affected both of the grounds. It precluded the board from applying the Newton prior art reference. And when the board actually addressed the Rehm reference, it addressed it under a very narrow construction that, in our view, is incorrect. And if that is incorrect, then that should go back as well. On the other hand, if your honors don't agree on the claim construction issue, I believe that the case still needs to be remanded because the board committed some errors in its review of the Rehm reference. Specifically, again, as I mentioned, the board seemed to be confused and they were focused on touching versus not touching. And they made a finding at page 45 of the appendix, appendix page 45, focused on whether or not Rehm disclosed the limitation, whether the touching aspect of Rehm disclosed the limitation. And they found that it did not. That is kind of tangential to the argument that Samson presented. Samson's argument was based on reflected light, which is plainly taught by Rehm. And it wasn't squarely addressed by the board. And that is an error that, even if your honors accept the board's construction, should be addressed on remand. Can you help me with, I was confused by the board's analysis on this point when it required the electromagnetic radiation spot to be impinged by electromagnetic radiation itself. How did it get there? And how does the claim language support that or not support that? Yes, your honor. Let me tell you, this technology is a little bit tricky for me. I have a cell phone, so I understand what touches are. But it uses a lot of words in ways that, particularly impingement, which is not perhaps a natural reading of the way I would read impingement. But there's an electromagnetic radiation spot on the two different parts of the sensors, right? Why isn't that the spot being impinged, and why does it have to be electromagnetic radiation itself doing the impinging rather than just impinging on that spot? That is exactly the point, your honor. The way that the board construed it, they found that it had to be electromagnetic radiation impinging upon the surface, where I think the most natural read of the language and the figures shows that there is a spot on the surface where there is electromagnetic radiation that is impinged upon. You can see that in figure 18 underneath the finger. And what the board did is they required impingement, which means two things colliding or striking each other. They required that the thing striking something else is electromagnetic radiation. And that is just not what the claim says. What the claim says is that there is an impingement. And so there has to be two things colliding together. But it doesn't say what has to do the collision. And so the board's construction was too narrow. They focused on a requirement that only electromagnetic radiation can do the impinging as opposed to a finger or an object as shown in a number of the figures. And that was just incorrect. I mean, some of the examples in the specification include radiation impingement, right? That's the stylus that emits light. Correct, your honor. And that is, for example, figure 1C. And so the construction has to include that embodiment as well. And that, I think, is the natural reading of what's happening here. We have two things striking each other. One of the things involves electromagnetic radiation. And the patent describes three different ways that that can be done. And they exclude one of them. Power to be says that that renders the electromagnetic radiation spot on the surface requirement meaningless. What's your response to that? I don't think that's accurate. That gives meaning to all of the types of impingement of an electromagnetic radiation spot that are disclosed and claimed in the patent. And there are three. And we are giving meaning to all of them. And their argument is that it renders it meaningless because, in their view, the claim is only limited to two of these embodiments. And, frankly, it's hard to understand how that could be correct. You're well into your rubato. Would you like to save the rest of it? I'd like to save the rest of it. Thank you. Mr. Demme. Thank you. May it please the Court. Your Honor, I'd like to begin with our argument that SAMHSA forfeited its claim construction position. I think it's particularly strong in this case, Your Honor. As Judge Stark noted, SAMHSA made a proposed construction to the District Court and then made a very deliberate decision not to make a claim construction argument to the Board. And, Your Honor, just very briefly, the timeline, I think, is very telling here. In the District Court case, the day before the petition was filed, SAMHSA empowered to be exchanged claim terms for construction, and SAMHSA identified this term for construction. When it filed the petition, it did not include the term. While the petition was pending before it was instituted, the District Court proceedings continued. There was claim construction briefing. The District Court issued a claim construction order rejecting SAMHSA's proposed construction, which expressly said that it, including this touching aspect, Your Honor. And the Board then gave SAMHSA an opportunity to address the construction and to explain whether or not it affected its petition. SAMHSA took the remarkable position, Your Honor, that the District Court's construction, which it had fought against, actually supported its position. And so, Your Honor, SAMHSA had multiple opportunities in the original petition, in its preliminary reply, and even in reply to our patent owner response, to advance its own claim construction position, and it never did. It made a strategic choice, and it should have to live with it, Your Honor. But I think they always made clear that they thought that your construction was too narrow, and that it was excluding one particular type of impingement, the interference. Didn't they make that clear? Your Honor, they argued against our position, but they never advanced their own. And, I mean, the Board... That's implicit, and they're saying they disagree with you, and I think they were making clear they disagree with you, because you're too narrow. Isn't it implicit that they think a broader construction that includes all of what they say needs to be included is what their position was? But, Your Honor, they advanced no arguments in support of an alternative construction below. The Board made numerous comments about the fact that SAMHSA didn't provide an explicit construction. It didn't explain its implicit construction. It did not provide substantive argument. And then, Your Honor, if you look on appeal, the arguments that SAMHSA has finally come forward with, there's all sorts of new things. There's, you know, 12 pages of new arguments that's focused on impingement, which really wasn't even in dispute below. I agree it's an unusual term, but the parties essentially agreed that it means collide or strike. So all these arguments that we're seeing on appeal are really red herring. Well, if you agree that it means collide or strike, then how is the Board's decision correct? I mean, if you're touching something, it's colliding or striking it. Light can collide and strike, Your Honor. So it's light striking the surface. Well, that's my problem. I don't understand. I mean, I understand that there are electromagnetic spots on the device, and there's two different parts of the sensor that are on there. Where does the requirement that there has to be another source of electromagnetic light that actually does the impinging? So, Your Honor, there are two sources of electromagnetic radiation. There's one source either coming out of the stylus, like you had mentioned, or it could be even reflecting off of a finger or another object. But it comes from that object onto the surface. It strikes the surface. And it impinges on the electromagnetic radiation spot. No, Your Honor. Show me the claim language that suggests that it's not the impinging. The radiation is doing the impinging, not being impinged upon. This is a really unusual way to use the word impingement, which is part of the problem here. I mean, Your Honor, in Claim 1, the claim says, and this is at APX 127, Your Honor, there's an input sensor being configured to provide an output indicative of an impingement of an electromagnetic radiation spot on at least one of different regions of the interactive surface element. Wait. What is the electromagnetic radiation spot? Your Honor, it's the spot formed by the electromagnetic radiation. It's the electromagnetic radiation coming out of the stylus, comes down to the surface, and impinges the surface, and it makes a spot. And the shape of that spot is very important because that's how, as the rest of the patent explains, that's how the distance is determined, the orientation is determined, movement. So it's based upon the analysis of the spot that's being made is how all of these other functions work, Your Honor. It's a spot on the surface. Yes, it's a spot. The light is coming from the stylus, impinging, hitting the surface, and it makes a spot. And these detectors sense the spot, and then there's analysis. Do you disagree just as a matter of basic fact that you can have a spot formed on the surface from just an object interrupting light and electromagnetic radiation? Your Honor, that's not what is in the prior art. I understand you don't think it's in the claim. Maybe it's not in the prior art, but that is a thing that can happen. And, in fact, the patent even talks about it, doesn't it? Well, it's light bouncing off of an object. So if there's light in the room, ambient light would hit an object and then deflect and hit the surface, and that would make a spot on the surface. Yes. And that is within the scope of the claims. That's not what the prior art taught, and that's not what Sampson's argument was. But if it's within the scope of the claims, then we need to make clear that the correct construction would include it. I think the board's construction does include that, Your Honor, because it's projected or reflected. So what you're referring to, Your Honor, is the reflected. If we don't think the board's construction includes it and we don't think this argument is forfeited, then I take it you concede we should send it back with a construction that makes clear that that third embodiment is included. Your Honor, I'm not sure what you mean by the third embodiment. The interference that we've just talked about, the electromagnetic radiation being interfered with by an object. So that's not the interference that Sampson's talking about. Sampson's talking about light or radiation going from an emitter to a detector and then something blocking it in the middle, and the detector's sensing the blocking. That's what Sampson's talking about. Light hitting the object and then reflecting off the object onto the surface is the second embodiment, which is already within the board's construction. The board's construction is projected, so that's the stylus projecting the light. The second embodiment is reflected, already in the board's construction, reflected onto the surface. The interruption embodiment, which Sampson's talking about and which is described in Newton, is when light is going from an emitter to a detector and it's interrupted. And the absence of light reaching the detector is what senses the input. And you're saying that the board's construction is broad enough to include that or is not? No, Your Honor, the board's construction does not include blocking light. It is focused on light making a spot on the surface, whether by projection or by reflection. And, Your Honor, the board's construction is correct. I think it's telling that it aligns with the district court's construction. As I referred earlier, the independent claims recite impingement of the surface by an electromagnetic radiation spot. The dependent claims support this construction. They distinguish between electromagnetic radiation impinging a surface and an object impinging a surface. So Claim 28, which was at APPX 128, describes an impingement by an object. It's not impingement by light. Claim 12 recites circuitry that distinguishes between touching or not touching. If the independent claim was already sensing touching, Claim 12 would be superfluous. The patentee knew how to recite impingement of an object on a surface. They're two different functions. And so the independent claims are only reciting the impingement of light on the surface. They're not expressly including the impingement of an object on the surface. The specification, Your Honor, is consistent with that as well. There's numerous examples of radiation impingement, such as the stylus or the object reflecting it. And as I said, this is how the patent determines the object's position, orientation, movement. It is always a spot of magnetic radiation impinging a surface. It's never something impinging a spot. It can impinge light going from one to another, but it's never impinging a spot, Your Honor. May I ask you, I'm concerned that maybe the board misunderstood what Samsung was arguing at Appendix 21. It seems like they're interpreting Samsung's instruction, or implicit instruction, as requiring that the electromagnetic radiation spot must be touched, impinged upon by something that includes a user, and that that same spot must be on one of the regions. Did Samsung really argue or propose that the correct instruction should require touching? Well, Your Honor, as we said earlier, we don't think Samsung argued much of anything affirmatively, which is why they waived it. Well, that would sound like the board misunderstood that. No, Your Honor, because I think the board, in the institution decision, originally adopted what it understood Samsung's implicit construction to be. And Samsung defended that construction. It defended the board's judgment. But did they defend it by saying, here's what we mean, here's what you, the board, mean when you implicitly or adopt our proposal that the surface must be touched? Did Samsung ever say that's what we're arguing? They never affirmatively said it. Samsung has tried to get away with not taking a very clear position, Your Honor. But the board articulated its understanding of Samsung's implicit construction, and once the institution decision was made, Samsung repeatedly said that the board got it right, that it was under the proper scope, I believe is the terminology that was used. But Samsung agreed with the board's understanding of the implicit construction. So I don't think this argument now in appeal to say that the board misunderstood the implicit construction. If it did, then Samsung – Did the board say in its institution decision we understand Samsung's construction to require touching? I don't believe so, Your Honor, but I'm just trying to find the right page. Well, if they didn't, then you can't really fault, or I can't really fault Samsung for not clarifying or pointing out the error of the board's ways when the board didn't tell us it had an erroneous view until the final decision. Your Honor, I don't think Samsung's even saying now that it requires touching. No, I think they're not. My question to you was I read to you from page 21 of the final written decision. It seems to me the board is saying that Samsung is saying it requires touching. That's what Samsung said the first time, and then it changed its position, and then it's changed its position again. It's been shifting stands, Your Honor, which is why they've forfeited this claim construction argument. They never took a clear affirmative position. They just keep – it's a moving target, Your Honor. Your Honor, then regardless of the claim construction question, we think the substantial evidence supports the board's judgment as to Newton. Regardless of whether or not it's the magnetic radiation impinging the surface or an object impinging magnetic radiation, the plain claim language still requires a radiation spot on a surface. The Newton reference is a touch panel that includes emitters and detectors around the perimeter, and these beams are sent back and forth above the surface, parallel to the surface, and touch is recognized when the beams are blocked by an object. This is the third embodiment that, Your Honor, we say is outside the scope of the board's construction. There's nothing in Newton, and Samsung never made an argument, that Newton discloses magnetic radiation being deflected and then appearing on the surface. It's merely the interruption of the light, Your Honor. And so the board found, and Samsung admitted, that Newton teaches blocking beams above the surface. The only detection of light is of the parallel beams crossing above the surface. No light is detected from the surface itself. There's no signal of magnetic radiation on the surface. Therefore, under any construction, Newton does not teach electromagnetic radiation spot on a surface. And so no remain is necessary. The board's decision should be affirmed under either construction. At institution, didn't the board say, I know it's a different standard, but that it was likely that under Samsung's construction that Newton did disclose your invention? Yes, Your Honor, but the board then found a different construction. Right, but if we say their construction was wrong, it would seem to me we probably are well advised to just send it back to the board, especially given that their preliminary review was that Newton probably disclosed the invention. Your Honor, we disagree. We think that Newton is undisputed as to what's disclosed in Newton. Samsung never made an argument that Newton is teaching the reflection of light off an object onto the screen. And so there's no basis. The plain flame language requires there to be a spot on the surface. There's no basis in the record, and there's no argument that Samsung could rightfully raise below that there was a spot on the surface that was being detected in Newton. And then finally, Your Honor, for the Ream reference, which Samsung is not challenging the construction on this reference, but is arguing that essentially that the board acted arbitrarily and capriciously in finding that Ream did not disclose a spot on a surface. Samsung originally argued essentially three sentences about Ream's teaching on this point. It said that light will hit an object and be reflected back to a detector element, that the object changes the amount of light sensed, and that Ream's signal is information corresponding to a spot where the object is touching. It did not say that this was information corresponding to a spot where electromagnetic radiation was impinging a surface. And, Your Honor, those sentences are at APPX 195 to 196. As we pointed out in our patent owner response, Samsung did not identify detecting light impinging a surface. In reply, Samsung argued that Ream teaches detecting light reflected by an object onto the surface. This was a new argument that it should not have been allowed to make, although the board considered it anyways. As the board noted, the Figure 2, which Samsung cited, relates to detecting light reflecting off of the surface of an object, not the surface of the screen. And so Samsung was playing a little fast and loose with the language in Ream to argue that, well, this is reflecting off the surface. The board rightfully pointed out it's the surface of the pencil. It's not the surface of the screen. Figure 11 was the other new evidence that Samsung tried to introduce on reply. The board rightfully found that Figure 11 does not discuss the surface at all. And I see, Your Honor, I'm at the end of my time. Thank you, Mr. Deming. The case is submitted. Oh, sorry. I'm anxious. I don't do this very often. Even though I now have a couple judges junior to me, I still am not in the middle very often. Mr. Haber. I'll keep it short. You'll keep it to 221. All right. I just wanted to make a few quick points. First, I wanted to just respond on the forfeiture point. Frankly, the argument that Appelli is making is not consistent with what the board itself said. At Appendix 17, in the fine written decision, the board said, Indeed, Petitioner has provided a responsive argument disputing patent owner's claim construction. And then also at Appendix 19, they note, Petitioner also argues that the recitations of touching or contacting independent claims 12, 15, and 28 support Petitioner's position because independent claim one must include touching within its scope. This is the argument we make consistently below, and it is the argument that we believe is correct. I just want to point to one more appendix page. That's Appendix 7523. There is a footnote there specifically where we submitted the district court's construction to the board. We identified expressly that a patent owner seems to be seeking an exclusion of the embodiment that's described in its claim and is also taught by Newton. And we explained to the board that we thought that that was improper. Can you help me? I thought I got a little bit closer to understanding the board's argument of electromagnetic radiation spot with your opposing counsel. But it seems like the argument that he was making, and that at least he construed the board was making, is that the electromagnetic radiation spot is created either by an external light source, like a stylus that has light, or by radiant ambient light reflecting off something like a finger. That's what the board was saying when it was, that's the light that impinges on the electromagnetic radiation spot. So it's both creating it and impinging it at the same time. Yes. I think that is what the board is saying, and that is an error. What the board is saying is that there has to be some external source of radiation that hits the surface, and that excludes all of the embodiments in Figure 18 where it's an object impinging upon radiation at the surface. Our view is that the claim certainly covers that example, but it's not limited to that example. Okay. With that, Your Honor, we request that the board's decision be vacated and remanded. Thank you, Your Honor. Thank you. Now the case is submitted.